UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:18-CR-81-REW-MAS-9 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CRISTISOR OLTEANU, | ) | |
| | ) | |
| Defendant. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 1676 (Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned accept Defendant Cristisor Olteanu's guilty plea and adjudge him guilty of Count One of the Superseding Indictment (DE 249) and the relevant aspect of the forfeiture allegation. *See* DE 1678 (Recommendation); *see also* DE 1673 (Plea Agreement). Judge Stinnett expressly informed Olteanu of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 1678 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 1678, **ACCEPTS** Olteanu's guilty plea, and **ADJUDGES** Olteanu guilty of Count One of the Superseding Indictment.

2. Per Judge Stinnett's recommendation and an audit of the rearraignment hearing, the Court provisionally **FINDS** that the property identified in DE 249's forfeiture allegations and in the plea agreement, *see* DE 1673 ¶ 11 (a forfeiture money judgment for $30,000 in U.S. currency), is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED,** as represented in the forfeiture money judgment. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. FED. R. CRIM. P. 32.2(b)(4)(A). The Court will further address forfeiture, and reflect any administrative forfeiture that is concluded, at that time. *See id.* at (b)(4)(B). Should the United States seek or require a more particular form of preliminary order of forfeiture, it may file a motion within thirty (30) days.

3. In light of the plea acceptance, the Court **DENIES** DE 1654 (Motion for Disclosure of Confidential Source) as moot.

4. The Court will issue a separate sentencing order.[1]

This the 1st day of May, 2025.

---

[1] At the hearing, Judge Stinnett remanded Olteanu to custody. *See* DE 1676. This was his status pretrial. *See* DE 1643. Absent an intervening order, Olteanu will remain in custody pending sentencing.



Signed By:
*Robert E. Wier*
**United States District Judge**

3